# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08-CV-00268

| | |
|---|---|
| WILLIAM E. SWEEZY, JR.,        ) | |
|                                ) | |
|     Plaintiff,        ) | |
|                               ) | |
| v.        ) | |
|                               ) | ORDER |
| SPECIALIZED BICYCLE        ) | |
| COMPONENTS, INC., TOPKEY        ) | |
| CORPORATION AND MIDWEST        ) | |
| MERCHANDISING, INC. d/b/a        ) | |
| BIKESOURCE,        ) | |
|                               ) | |
|     Defendants.        ) | |

**THIS MATTER IS BEFORE THE COURT** upon Defendant Topkey Corporation's (Topkey) Motion to Dismiss pursuant to Rules 12(b)2, 12(b)5, and 12(b)6 of the Federal Rules of Civil Procedure. This Order will only address Defendant Topkey's 12(b)2 Motion to Dismiss for lack of personal jurisdiction. Plaintiff William E. Sweezy (Sweezy) and Defendant Specialized Bicycle Components, Inc. (Specialized)[1] requested additional time to conduct discovery related to Topkey having a business presence in North Carolina sufficient for personal jurisdiction. The Court granted sixty days to conduct such discovery. However, the discovery yielded no contacts sufficient for the personal jurisdiction of Topkey in the court. Therefore, the court will grant Topkey's motion to dismiss pursuant to 12(b)2.

---

[1] Defendant Specialized has asserted cross-claims for contribution and indemnity.

# I. FACTUAL HISTORY

Defendant Topkey is a Taiwanese Corporation and has its principal place of business in Taiwan. Topkey is not and has never been registered to do business in North Carolina and does not do business in North Carolina. Topkey has no employees, offices, telephone listings or mailing addresses in North Carolina and owns no property in North Carolina.

Topkey is a manufacturer of high end, high technology composite components. (Affidavit Specialized Employee Robert Margevicius p. 2). Plaintiff alleges that Specialized manufactures, designs, inspects, distributes, and sells bicycles and bicycle equipment. According to Mr. Margevicius, Specialized and Topkey have co-developed, co-designed, and co-engineered several high-end, high-performance bicycle frames and bicycle parts, including the Roubaix. Specialized and Topkey have been in business together since approximately 2003. Specialized has purchased tens of millions of dollars worth of products from Topkey pursuant to their business venture over the years and Specialized distributed these products to all 50 states, including North Carolina. In other words, the relationship between the two companies is close and there have always been communications at every level of the two companies relating to their common business venture.

Plaintiff alleges that he sustained personal injuries as a result of a bicycle accident that occurred on May 13, 2006. Plaintiff alleges that his injuries were caused by "the defects and unreasonably dangerous condition of the bicycle design and manufacture." (¶12 of Complaint).

The bicycle at issue is a S04Roubaix Comp 18 Specialized Bicycle. Plaintiff alleges that the bicycle was purchased from a Specialized Bicycle dealer in Charlotte, North Carolina.

## II. DISCUSSION

Where the court rules on a 12b(2) motion relying on the Complaint, briefs, and affidavits alone, without conducting an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing that personal jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Moreover, the Court must construe all relevant pleading allegations in the light most favorable to the plaintiff.[2] *Id.*

To meet its burden, Specialized must satisfy a two-step inquiry. First, Specialized must show that the North Carolina long-arm statute confers personal jurisdiction. Second, Specialized must show that the exercise of personal jurisdiction over Topkey would not violate the requirements of the Due Process clause of the Fourteenth Amendment. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). The North Carolina Supreme Court has liberally construed the North Carolina long-arm statute to extend the full jurisdictional powers permissible under federal Due Process. *Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F.2d 1062 (4th Cir. 1982). Thus, the two step inquiry merges into a single issue of whether Topkey has the requisite minimum contacts with North Carolina to satisfy due process.

The Supreme court has fashioned two tests for determining whether a defendant's contacts with the forum state are sufficient to confer personal jurisdiction. If the cause of action is unrelated to the defendant's activities in the forum state, plaintiff must prove that the contacts are "continuous and systematic" to support the exercise of "general jurisdiction." over the defendant. *Helicopteros Nationales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984). If the

---

[2]Plaintiff Sweezy relies on Defendant Specialized's Brief in Opposition to the Motion to Dismiss.

cause of action is related to or arises out of defendant's actions within the state, the plaintiff can establish a more limited "specific jurisdiction" by proving that:

> (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies.

*Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-46 (4th Cir. 1994).

**A. General Personal Jurisdiction**

Topkey does not have the purposeful continuous and systematic contacts with the state of North Carolina sufficient to support the exercise of general personal jurisdiction. Defendant Specialized alleged in its Brief in Opposition to Topkey's Motion to Dismiss that Topkey is "heavily involved in the tennis raquet, helmet, bikes, medical aviation industries and owns patent(s) in the United States and may have sufficient continuos and systematic contacts with North Carolina..." (Doc. 11-4 p. 10). Therefore, the court allowed Plaintiff 60 days of additional discovery to find these contacts between Topkey and North Carolina. Plaintiff found no such contacts.

As noted above, Topkey is a Taiwanese corporation with its principal place of business in Taiwan. Topkey does not sell or offer for sale products in the State of North Carolina, and has no employees, agents, or property in North Carolina. None of Topkey's manufacturing, assembly or sales take place in North Carolina. Although Topkey has a passive website, the website does not offer any products for sale or enable any viewer of the website to place orders over the internet. The Fourth Circuit has described the threshold level of minimum contacts required for

4

general jurisdiction as "significantly higher than for specific jurisdiction" and as "very substantial, indeed." *EASB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623-24 (quoting 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* sec. 1067, at 295-98 (1987)). Thus, the court finds that the lack of contacts and the passive website is wholly insufficient to support the exercise of general personal jurisdiction.

## B. Specific Personal Jurisdiction

Topkey is not subject to specific personal jurisdiction because the facts of the case are closely analogous to *Lesnick*, the controlling Fourth Circuit case on the stream of commerce theory. The Defendant in *Lesnick*, Hollingsworth & Vose, was a Massachusetts corporation that provided cigarette filter material to co-defendant Lorillard in Kentucky and New Jersey. 35 F.3d 939 at 946. After the Plaintiff's husband died from lung cancer, she sued in Maryland, alleging that the filters in the cigarettes manufactured by defendants Lorillard and Hollingsworth & Vose were the cause of her husband's death. *Id.* at 940. The Fourth Circuit Court of Appeals affirmed the district court's order granting Hollingsworth & Vose's motion to dismiss for lack of personal jurisdiction. *Id.*

Hollingsworth & Vose acknowleged that, to the extent that it sold filter material to Lorillard in Kentucky and New Jersey, "it placed the product in commerce, and it did so with knowledge that Kent cigarettes manufactured with its filter material would be sold in Maryland." *Id.* at 946. Hollingsworth and Vose further conceded that it would be subject to personal jurisdiction in Maryland if plaintiff was correct in asserting that "a state does not violate the Due Process Clause if it asserts personal jurisdiction over a corporation 'that delivers its products into the stream of commerce with the expectation that they will be purchased in the forum State.'" *Id.*

at 946 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567 (1980). However, the Court explained that *World-Wide Volkswagen*'s holding was not that broad and that the Plaintiff could not rely simply upon the "stream of commerce" logic to establish personal jurisdiction. *Id.*

Lesnick further argued that because Hollingsworth & Vose had such a close relationship with Lorillard, Hollingsworth & Vose should be subject to jurisdiction derivitavely through Lorillard' contacts with Maryland. *Id.* The two defendants jointly owned the patent for the "Micronite Filter" and they agreed to share information about technichal advances in the field. *Id.* The two shared in the costs of developing and manufacturing the filter, and they agreed to share any royalties they might earn from licensing the process. *Id.* Furthermore, "the price Lorillard paid for the filters was a multiptle of Hollingsworth & Vose's cost, with Lorillard given a right to inspect production and financial records." *Id.* The Fourth Circuit Court of Appeals agreed that the arrangement represented "additional conduct" beyond the mere sale of materials. *Id.* However, it did not rise to the level of establishing jurisdiction because none of the conduct was in "in any way directed *toward the state of Maryland.*" *Id.* at 947 (emphasis in original). This point is crucial to the analysis: all of the contacts between Lorillard and Hollingsworth & Vose related only to their agreement to supply filters from its plant in Massachusetts to Lorillard in Kentucky and New Jersey, not Maryland. *Id.* The Court held, therefore, that there was no affirmative action by Hollingsworth & Vose rising to the level of purposeful availment and therefore Maryland courts could not exercise personal jurisdiction over Hollingsworth & Vose. *Id.*

In Specialized's brief in opposition to Topkey's Motion to Dismiss, Specialized makes virtually the same arguments as Lesnick. (Doc. 11-4 pp. 13-16). Specialized argues that Topkey purposefully directs activities towards all fifty states, including North Carolina. Specialized argues that this Court may assert personal jurisdiction over a foreign corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. *World-Wide Volkswagen*, 444 U.S. 286, 297-98. However, as stated in *Lesnick*, the "stream of commerce" theory from *World-Wide Volkswagen* is not broad enough to establish personal jurisdiction without additional conduct. *Lesnick*, 35 F.3d at 946.

Specialized also discusses at length the close relationship it has with Topkey, at every level, relating to their common business venture. However, despite this close relationship, none of Topkey's conduct was purposefully directed towards North Carolina. Any contact Topkey had with Specialized was in Taiwan, China, or a state other than North Carolina. Just as in *Lesnick*, all of the contacts Topkey and Specialized had together could represent "additional conduct" beyond mere sale of equipment, yet "it does not rise to the level of establishing jurisdiction because none of the conduct is in any way directed" toward the state of North Carolina. Therefore, this Court may not exercise personal jurisdiction over Topkey in this case.

Because the court finds that Plaintiff and Specialized failed to meet their burden to show that Topkey created a substantial connection to North Carolina by action purposefully directed toward North Carolina or otherwise invoke the benefits and protections of the laws of the state,

the court will grant Topkey's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction.[3]

**IT IS THEREFORE ORDERED** Topkey's Motion to Dismiss for lack of personal jurisdiction is hereby GRANTED.

Signed: February 12, 2009

Graham C. Mullen
United States District Judge

---

[3] Since the court has determined that Topkey does not fall within the first prong of the *Lesnick* jurisdictional analysis, the court will not discuss whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.